UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN LORENZO<br>71 Gravel Pike<br>Red Hill, PA 18076<br>    *Plaintiff*<br><br>v.<br><br>UPPER HANOVER TOWNSHIP,<br>MONTGOMERY COUNTY<br>1704 Pillsbury Road<br>East Greenville, PA 18041<br>    and<br>STEVEN ROTHENBERGER, Individually and<br>on behalf of UPPER HANOVER TOWNSHIP<br>418 Main Street<br>Pennsburg, PA 18073<br>    and<br>TROY & TRACEY HEUER<br>912 Parestis Road<br>Barto, PA 19504<br>    *Defendants* | : No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, John Lorenzo, by and through his undersigned counsel, hereby brings the following Complaint against Upper Hanover Township, Steven Rothenberger individually, Steven Rothenberger in his official capacity as a supervisor of Upper Hanover Township, and Troy and Tracey Heuer (collectively, "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This civil action arises, in part, under the Constitution and laws of the United States, therefore this Court has original jurisdiction.

Pursuant to 28 U.S.C. § 1391(b)(1) a civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. In this civil action, all defendants reside in the judicial district comprising the Eastern District of Pennsylvania, therefore this Court is the proper venue for this action.

## PARTIES

1. Plaintiff, John Lorenzo, is an adult individual who at all times relevant herein, resided at 71 Gravel Pike, Red Hill, Pennsylvania 18076.

2. Defendant, Upper Hanover Township (the "Township"), is a township of the second class organized under the laws of the Commonwealth of Pennsylvania with an address of 1704 Pillsbury Road, East Greensville, Pennsylvania 18041.

3. Defendant, Steven Rothenberger ("Rothenberger"), is an adult individual having an address at 418 Main Street, Pennsburg, PA 18073.

4. Defendants Troy and Tracey Heuer (the "Heuers") are adult individuals having an address at 918 Parestis Road, Barto, Pennsylvania 19504.

## BACKGROUND

5. On March 16, 2000, Plaintiff purchased a certain parcel of real estate identified as Montgomery County Parcel ID No. 57-00-01014-00-9 (the "Lorenzo Property").

6. At all relevant times herein, the Heuers owned a certain parcel of real estate identified as Montgomery County Parcel ID No. 57-00-01012-002 (the "Heuer Property").

7. The Heuer Property is immediately adjacent to the Lorenzo Property.

8. At all times relevant herein, Rothenberger was the real estate agent for the Heuers.

9. At all times relevant herein, Rothenberger was a member of Upper Hanover Township's Board of Supervisors.

10. Shortly after Plaintiff purchased the Lorenzo Property, a real estate developer began planning a large development across Route 663 from the Lorenzo Property.

11. As part of that development project, an intersection needed to be created on the portion of Route 663 that is directly adjacent to the Lorenzo Property.

12. To create that intersection, PennDOT needed to approve a break in route 663, a limited access highway.

13. In connection with approving the break in Route 663, PennDOT indicated that future development of the Lorenzo Property and the Heuer Property would require building a road connecting Route 663 to Quakertown Road (the "Connector Road").

14. PennDOT advised the Township to acquire the land presently such as to avoid future issues.

15. In February 2008, the Township offered Lorenzo Fourteen Thousand Dollars ($14,000) for the easement necessary to construct the Connector Road.

16. Plaintiff rejected the offer as grossly inadequate compared to the fair market value of the easement.

17. On March 5, 2008, the Heuers granted the township an easement on the portion of their property that would be necessary to construct the Connector Road.

18. On or about June 10, 2008, the Township enacted an ordinance that adopted an official map confirming the location of the Connector Road.

19. Following the enactment of the ordinance, Lorenzo has attempted to make reasonable economic use of the Lorenzo Property by selling it to developers.

20. Each and every time Lorenzo listed his property, Rothenberger, on his own account and on behalf of both the Township and the Heuers, contacted Lorenzo's listing agent and/or

potential buyers of the Lorenzo Property to tell them not to buy the Lorenzo Property because the Defendants were the "only buyer" for the property.

21. In connection with Rothenberger's interference with the sale of the Lorenzo Property to third-parties, Rothenberger made several offers to purchase the property on behalf of the Heuers.

22. Each such offer was grossly inadequate compared to the fair market value of the Lorenzo Property.

23. On January __, 2022, Lorenzo, by and through his attorney, sent a letter to the Defendants advising them of the situation such as to encourage them to settle the matter.

24. In response to the Letter, the Township replied that the Township had no need for the Lorenzo Property and was uninterested in acquiring it.

## COUNT I - TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

25. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26. At various times since 2008, Plaintiff has listed the Lorenzo Property for sale.

27. Each time a prospective buyer became interested in purchasing the Lorenzo Property, Steven Rothenberger, on behalf of the Township and the Heuers, interfered in the prospective contractual relationship by telling the potential buyers that the property was worthless due to the Connector Road and that Rothenberger, the Township, and/or the Heuers (it being unclear whose interests Rothenberger was attempting to advance) were the only potential buyers for the Lorenzo Property.

28. Rothenberger interfered in this manner in an attempt to prevent Plaintiff from being able to realize the true fair market value of the Lorenzo Property.

29. Rothenberger was not privileged to interfere with the sale of the Lorenzo Property.

30. The interference by Rothenberger, on behalf of the Heuers and the Township, caused damages to Plaintiff by preventing him from realizing any economic benefit from the Lorenzo Property.

31. Due to his inability to timely sell the Lorenzo Property, Plaintiff was prevented from accruing interest on the value of the Lorenzo Property.

32. The actions of Defendants were egregious, intentional, willful, and malicious.

33. WHEREFORE, the actions of Defendants constitute tortious interference with prospective contractual relations for which Plaintiff seeks recovery in excess of $50,000.00 for compensatory damages, delay damages, interests, punitive damages, and such other and further relief it deems just and proper, including punitive damages, costs, and fees.

## COUNT II - SLANDER OF TITLE

34. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Rothenberger, on the behalf of the Township and the Heuers, told listing agents and potential buyers that the Lorenzo Property was worthless because the Defendants were the only buyer for the Lorenzo Property.

36. Despite the assertions of Rothenberger, the Lorenzo Property did in fact have significant value and the Township was uninterested in actually acquiring the Lorenzo Property.

37. Rothenberger knew that the Township was no longer interested in acquiring the Lorenzo Property and that the property had significant value.

38. Rothenberger made these false statements with the intent to cause Plaintiff pecuniary loss.

39. Due to Rothenberger's false statements, Plaintiff was unable to realize any economic benefit from the Lorenzo Property and was forced to forego interest earnings on the value thereof.

40. WHEREFORE, the actions of Defendants constitute slander of title for which Plaintiff seeks recovery in excess of $50,000.00 for compensatory damages, delay damages, interests, and such other and further relief it deems just and proper, including punitive damages, costs, and fees.

## COUNT III - § 1983 VIOLATION

## FIFTH AMENDMENT RETALIATION

41. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. In connection with the development across from the Lorenzo Property, the Township attempted to acquire an easement on the Lorenzo Property to build the Connector Road.

43. To acquire the easement, the Township offered Lorenzo an amount significantly less than the fair market value of the easement.

44. Plaintiff refused the offer and insisted that he receive just compensation for his property as guaranteed by the Fifth Amendment of the United States Constitution.

45. Rothenberger also offered to list the Lorenzo Property on Plaintiff's behalf, which Plaintiff also rejected.

46. Following Plaintiff's refusal and rejection of Rothenberger's offer, Rothenberger told Plaintiff that he "would not let this go," and that he "would be on this like a pit-bull."

47. The Heuers gave the Township a similar easement on the Heuer Property for nominal consideration.

48. Following Plaintiff's refusal, Rothenberger, on behalf of the Township, began a non-stop campaign of retaliation by scaring away potential buyers, spreading falsehoods, and otherwise interfering in potential sales.

49. Plaintiff attempted to list the Lorenzo Property with five different real estate brokers. Each time, Rothenberger, individually and on behalf of all Defendants, contacted the listing agent and/or potential buyers to dissuade them from listing and/or purchasing the property by suggesting that the property was worthless due to the Township's plans and/or other untrue/misleading statements.

50. The Township and Rothenberger further conspired to exclude Lorenzo from each and every Township meeting regarding the Lorenzo Property and the surrounding developments.

51. Rothenberger's retaliatory conduct taken on behalf of the Township, was motivated by Plaintiff's exercise of his Fifth Amendment rights in refusing to surrender his property rights for little or no consideration.

52. Plaintiff suffered damages as a result of the retaliation against him.

53. WHEREFORE, the actions of Defendants constitute Fifth Amendment retaliation for which Plaintiff seeks recovery in excess of $50,000.00 for compensatory damages, delay damages, interests, and such other and further relief it deems just and proper, including punitive damages, costs, and fees.

## COUNT IV - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT VIOLATION

54. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55. Defendants conducted a joint enterprise to interfere with Plaintiff selling the Lorenzo Property in the hope that they could force Plaintiff to sell the property for an amount far below its fair market value to a party that would be willing to grant the Township an easement for little or no consideration.

56. Rothenberger was the real estate agent of the Heuers and stood to realize a financial benefit if he successfully forced plaintiff to sell his property at a price below fair market value.

57. The Township would have benefited from a sale of the Lorenzo Property to the Heuers because the Heuers had previously agreed to provide the Township with the easement necessary to build the Connector Road for nominal consideration.

58. The Heuers would have benefited from the sale because having both the Heuer Property and the Lorenzo Property together would have been more valuable to a potential developer.

59. Defendants engaged in a joint enterprise to force Plaintiff to sell his property for an amount well below fair market value.

60. Defendants conducted this enterprise through a pattern of extortion under color of official right. To wit: Rothenberger, a member of the Township's Board of Supervisors, falsely told prospective purchasers, Plaintiff, and Plaintiff's listing agent that the Lorenzo Property was worthless and that the Defendants were the "only purchaser" for the property. After successfully scaring away third-party purchasers through the use of threats of official action, Rothenberger attempted to acquire the Lorenzo Property for an amount grossly less than its fair market value.

61. As a result of Defendants attempting to extort Plaintiff, Plaintiff was unable to realize any economic benefit from the Lorenzo Property.

62. Plaintiff also suffered damages on account of listing fees paid, property taxes paid, and foregone interest.

63. WHEREFORE, the actions of Defendants constitute a civil conspiracy for which Plaintiff seeks recovery in excess of $50,000.00 for compensatory damages, delay damages, interests, and such other and further relief it deems just and proper, including punitive damages, costs, and fees.

## COUNT V - CIVIL CONSPIRACY

64. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. Defendants conspired to force Plaintiff to sell the Lorenzo property to either the Heuers or the Township at a price grossly below fair market value.

66. Defendants acted in concert in an attempt to unlawfully interfere with Plaintiff's property rights and the prospective contractual relations of Plaintiff.

67. Rothenberger, on behalf of both the Heuers and the Township, took overt actions in furtherance of their objective of interfering with Plaintiff's property rights and his prospective contractual relations.

68. The actions taken by Rothenberger, on behalf of all Defendants, were unlawful.

69. Rothenberger was the real estate agent of the Heuers and used his status as a member of the Township's Board of Supervisors to threaten Plaintiff and potential buyers.

70. Defendants knew or should have known that their actions were unlawful.

71. Plaintiff was unable to make reasonable economic use of the Lorenzo Property because of the acts of Defendants.

72. WHEREFORE, the actions of Defendants constitute a civil conspiracy for which Plaintiff seeks recovery in excess of $50,000.00 for compensatory damages, delay damages, interests, and such other and further relief it deems just and proper, including punitive damages, costs, and fees.

TRIAL BY JURY IS DEMANDED.

CURTIN & HEEFNER LLP

By: _____
Robert D. Sokolove, Esquire
Attorney for Plaintiff,
John Lorenzo

## VERIFICATION

I, Plaintiff, John Lorenzo, hereby verifies that I am the Plaintiff herein; that I am acquainted with the facts set forth in the forgoing Complaint; that the same are true and correct to the best of my knowledge, information and belief. I verify under penalty of perjury that the foregoing is true and correct.

Executed on: May 23 2022

_____
John Lorenzo